IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN C. MARIE PETE,

    Petitioner,　　　　　　　　　　No. CIV S-02-2713 MCE PAN (JFM) P

  vs.

GLORIA HENRY,　　　　　　　　　　　　ORDER AND

    Respondent.　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her 2000 conviction and prison sentence of twenty-five years to life. The original petition, filed January 2, 2003, raised two, discrete jury instruction claims alleging the trial court erred by (1) giving former CALJIC No. 8.40, incorrectly instructed the jury on the element of intent to kill as to voluntary manslaughter, depriving her of her right to a fair trial; and (2) giving CALJIC No. 17.41.1, depriving petitioner of her right to due process and a fair trial. Petitioner's December 16, 2005 amended petition for writ of habeas corpus, in which petitioner seeks leave to add 32 new grounds for relief, is now before the court.

BACKGROUND

        On January 3, 2002, the California Supreme Court denied petitioner's direct appeal.

        On January 2, 2003, petitioner filed the original petition raising two jury instruction claims. On August 11, 2003, respondent filed an answer.

On August 20, 2003, the court directed respondent to respond to petitioner's July 7, 2003 motion for abeyance.[1]  Respondent opposed the motion, contending it was time-barred under AEDPA's statute of limitations, 28 U.S.C. Section 2244(d)(1)-(2), and unexhausted because petitioner had not filed any state habeas petition.

On July 16, 2004, petitioner's motion for abeyance was granted; petitioner was admonished to "pursue her state habeas litigation with diligence, and return to this court with a proposed amended petition within 30 days after the California Supreme Court's ultimate decision on petitioner's habeas petition."  (Id. at 2.)

On September 28, 2004, petitioner filed the first and only petition for writ of habeas corpus in the California Supreme Court.  (Lodged December 5, 2007.)  The California Supreme Court denied that petition on November 16, 2005 without comment.

On December 14, 2005, petitioner filed an amended petition seeking to add 32 new claims for relief.  On December 15, 2005, respondent was directed to respond to petitioner's motion to amend.  Respondent filed an opposition to the motion for leave to amend on January 24, 2006.

## ANALYSIS

I. The Statute Of Limitations And Relation Back Of The New Claims

One of the changes the AEDPA made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Petitioner did not serve a copy of her abeyance motion on counsel for respondent; respondent did not receive the motion until August 20, 2003, after the court directed the clerk to serve a copy on respondent's counsel.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The "conclusion of direct review" is not the January 3, 2002 denial of review by the California Supreme Court, but ninety days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. Tillema v. Long, 253 F.3d 494, 498 (9th Cir.2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). In this case, the ninety day period expired April 3, 2002. The statute of limitations began running on April 4, 2002 and expired on April 3, 2003. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). The filing of the federal petition did not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Accordingly, the 32 new claims petitioner seeks to add in her amended petition are outside the statute of limitations unless they relate back to the original claim. Fed. R. Civ. P. 15(c)(2).

In Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562 (2005), the Supreme Court examined the interaction between the AEDPA statute of limitations and the relation back

3

provisions of Rule 15(c)(2).  The original petition in that case contained a single Sixth Amendment claim based on the admission of a witness' videotaped out-of-court statement.  After the statute of limitations had run, petitioner Felix filed an amended petition, which added a Fifth Amendment claim stemming from the admission of Felix's pre-trial statements to the police and a Sixth Amendment claim of appellate counsel's ineffectiveness for failing to challenge the use of Felix's statements on appeal.  Id. at 2567-68.

To determine whether Felix's amended claims related back to the original petition, the court focused on the "key words" of Rule 15(c)(2):  "conduct, transaction, or occurrence," and found that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  Id. at 2571-72.  Felix's amended petition did not meet this standard because it "targeted separate episodes, the pretrial police interrogation of witness Williams in his original petition, his own interrogation at a different time and place in his amended petition."  Id. at 2572.

The Court also relied on Rule 2 of the Rules Governing § 2254 Proceedings, which instructs a petitioner to specify all grounds for relief and state the facts supporting each ground.

> Under that Rule, Felix's Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim.  Each separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an "occurrence."

Mayle, 125 S.Ct. at 2573.  In a footnote, the Court cited two proper examples of "relating back."  The first involved an original challenge to the prosecution's failure to comply with its obligation to provide exculpatory materials to the defense and an amended petition raising the failure to provide a particular report.  The Court noted that both pleadings "related to evidence obtained at the same time by the same police department."  Id. at 2575 n.7.  The second involved an original petition challenging the trial court's admission of a witness's recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show the statements

4

had been recanted; the Supreme Court quoted the lower court's recognition that relation back would be appropriate if the new claim was based on the same facts as the original pleading, but only changed the legal theory. Id.

The Ninth Circuit has not addressed the question of relation back of habeas claims in a published decision since Mayle.[2] The First Circuit has examined the question and, consistent with its reading of Mayle, strictly construed the relation back doctrine when considering an amended motion to vacate sentence under 28 U.S.C. § 2255.

In United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005), cert. denied, ___ U.S. ___, 126 S.Ct. 2906 (2006), the movant filed a pro se petition challenging, among other things, the district court's failure adequately to inquire into the movant's understanding of the provision for the waiver of appellate rights included in his plea agreement and ineffective assistance of counsel based on his attorney's failure to investigate misstatements in the indictment. Id. at 24. Counsel was appointed and then filed an amended petition raising counsel's ineffectiveness for failing adequately to advise petitioner to appeal one of the counts of conviction and to explain the waiver of appeal. Id. at 22, 24.

The Ciampi court found that the new claims did not relate back. Although both claims "generally related to [movant's] 'understanding' of his appellate waiver," they focused on wholly different aspects and actors, which prevented a finding that the new claim related back to the original petition. Id. at 24.

---

[2] On January 5, 2007, in an unpublished memorandum disposition, the Circuit denied Preston's motion to expand the certificate of appealability and affirmed the denial of the habeas petition, finding that Preston's ineffective assistance of counsel claim did not relate back to a timely claim because "the claims involve different errors by different actors at different times. Preston v. Harris, No. 05-15807 (9th Cir. January 5, 2007)("Preston's claim under Boykin v. Alabama, 395 U.S. 238 . . . (1969), stems from the trial court's alleged failure to advise him during the plea proceeding that he was waiving his rights to confront witnesses and not to testify against himself. By contrast, his ineffective assistance claim stems from his attorney's allegedly substandard advice, necessarily given before the plea proceeding, to waive the completely separate right to hold the prosecution to its burden of proving the elements of the charged offense.") However, this case has no precedential value under Ninth Circuit Rule 36-3.

> [A]mended habeas corpus claims generally must arise from the "same core facts," and not depend upon events which are separate both in time and type from the events upon which the original claims depended.

Id.; see also Farmer v. Ryan, 2007 WL 4126308 (E.D. Cal. 2007)(CIV F-05-1253 OWW DLB)(failure to call a witness during the presentation of the defense is different in time and type of error than a failure to object to the prosecution evidence or the failure to request discovery from the prosecution); Frazier v. Farmon, 2007 WL 2019549 (E.D. Cal. 2007)(CIV S-97-2196 LKK DAD)(original two claims were specific and limited; proposed new claims were broad ranging challenge to conviction based upon separate sets of facts; new claim alleging cumulative error related back as to original claims only); Bond v. Rimmer, 2007 WL 2009810 (E.D. Cal. 2007)(CIV S-99-2150 LKK DAD)(ineffective assistance of counsel claims did not share common core of operative facts with either of petitioner's two original claims).[3] See also Galaz v. Harrison, 2007 WL 95132 (E.D. Cal. 2007)(CIV F-04-5383 TAG)(original claims challenged trial court's charge to the jury; new claims of ineffective assistance of counsel involved an analysis of whether the court correctly instructed the jury or whether jury instructions or lack thereof infected the trial such that due process rights were violated).[4] See also Blackman v. Lewis, 2006 WL 495981 (E.D. Cal. 2006)(CIV S-03-1824 LKK KJM)(new claims did not arise out of the same core of operative facts as those underlying the original claims); Laurore v.

---

[3] None of the ten allegations of ineffective assistance of counsel claims related to the two grounds contained in the original petition. Bond, 2007 WL 2009810 at *22-23.

[4] "The claims in the supplemental filing do not amplify or clarify any of the original claims, but instead are based on different aspects of the criminal process, and involve different theories and analyses than those presented in the original petition. Moreover, the claims in the supplemental filing do not arise out of the same core of operative facts as those underlying the original claims based on jury instructional error." Galaz, 2007 WL 951352 at *22. Ground Six involves an allegation of ineffectiveness related to counsel's failure to object to an instruction that is challenged in the original petition. (Doc. 34, p. 24). Although one of the new claims was an ineffective assistance of counsel claim based on trial counsel's failure to object to a jury instruction, the Galaz court found "the two claims are legally distinct, require completely different legal analyses, and are based upon different conduct, i.e., sua sponte instruction by the trial court and a timely objection by trial counsel." Galaz, 2007 WL 95132 at *22 n.4.

Spencer, 396 F.Supp.2d 59 (D. Mass. 2005) (claim that jury was not properly instructed on relationship between defendant's mental state and the ability to form criminal intent did not relate back to original claim that jury was not instructed on voluntariness of confession because the claims rely on different constitutional protections and on defendant's mental state at different times).

In United States v. Hernandez, 436 F.3d 851 (8th Cir.2006), the timely petition asserted a claim of ineffective assistance of counsel for failure to object to the admission of evidence that lacked a proper foundation, while the amended petition alleged ineffective assistance of counsel for failure to cross-examine two witnesses effectively. Id. It was held on these facts that relation back was unwarranted because the claims were not sufficiently similar to place the opposing party on notice that cross-examination of witnesses was at issue. Id. at 858. See also United States v. Craycraft, 167 F.3d 451, 457 (8th Cir.1999) (holding that an amended claim alleging ineffective assistance of counsel for failure to pursue a downward departure did not relate back to a timely claim for ineffective assistance concerning failure to file an appeal); Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (holding that claims of ineffective assistance of counsel and juror misconduct did not relate back to a timely claim under the Confrontation Clause).

However, other courts have held, post-Mayle, that an ineffective assistance of counsel claim relating to the subject of an existing claim relates back to the existing claim under Fed. R. Civ. P. 15(c)(2). For example, one district court held that a claim that defense counsel was ineffective for failing to obtain psychiatric records to use at a competency hearing related back to the claim defense counsel was ineffective for failing to make a timely motion for a competency hearing. Torres v. Graham, 2007 WL 1233555 (E.D. N.Y. 2007).

Courts have also held that claims that appellate counsel were ineffective for failing to raise a claim on appeal related back to the original claim. Pratt v. Upstate Corr. Facility, 413 F.Supp.2d 228, 237 (W.D. N.Y. 2006)(failure to raise conflict of interest claim

related back to timely conflict of interest claim); Serrano v. Burge, 2005 WL 2063765 (S.D. N.Y. 2005)(failure to raise evidentiary and prosecutorial misconduct claims related back to original claims).

In Gonzales v. Baca, 2007 WL 1174698 (N.D. Cal. 2007), the district court held that ineffective assistance of counsel claims based on the original jury instruction and competency exam evidence claims related back, citing Mayle 545 U.S. at 664 n.7 (relation back applies when underlying facts are the same and only the legal theory changes).  In Chism v. Adams, 2006 WL 3762109 (E.D. Cal. 2006)(CIV S-03-1793 MCE KJM), the district court held that new ineffective assistance of counsel claims related back to the original claims because the "claims flow from the same time in the proceedings and are based on related theories." Chism, 2006 WL 3762109 at *4.

Here, as in Frazier v. Farmon, 2007 WL 2019549, petitioner's original two claims are specific, discrete, and limited; the 32 proposed new claims are broad ranging challenges to conviction based upon separate sets of facts and different legal theories.  Id.  Twenty-nine of the potential claims do not share a common core of operative facts or come from the same conduct, transaction or occurrence as the original two jury instruction claims.  For example, the following new claims concern events before and during trial, but did not arise from the process of instructing the jury.  Claim 1 (pre-trial hearing to determine her incompetence to stand trial based on her prior use of pain medication), 2 (pre-trial publicity), 4, 5, 27 (Miranda), 6 (pre-trial right to bail), 21 (pre-trial jury selection), 31 (additional testimony from witnesses arising from pre-arrest events) and 32 (pre-trial jail visitation interference), are all based on events occurring before the trial.  Claim 3 (shackling); 7, 8, 9, 10, 11, 24, 28 (prosecutorial misconduct); 12 (confrontation clause); 14, 18, 19, 25, 26, 29 (ineffective assistance of counsel claims not connected with jury instructions);[5] 15 (Cal. Penal Code § 273ab is vague and ambiguous–count

---

[5] The ineffective assistance of trial counsel claims dealt with the following issues, as reflected in the parenthetical following the claim number:  14 (allowed Dr. Chapa to testify on

II); 16 (causation of victim's death); 22 (general judicial bias); 23 (general cumulative errors); and 30 (insufficient evidence to support endangerment of another child–count III) all occurred during trial, but did not arise from the process of instructing the jury.

None of the new claims set forth above relate to petitioner's initial jury instruction claims either factually or temporally. A case cited with approval in Mayle held relation back would be proper if a claim in an amended petition clarifies or amplifies a claim raised in the original petition, but would not be allowed if it added a new claim or inserted a new theory into the case. Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir.2001) (cited in Mayle, 125 S.Ct. at 2575 n.7). Applying the Mayle test, the above claims raised in the amended petition do not relate back to the original petition. They do not arise out of the same core of operative facts as those underlying the original claims based on the discrete jury instruction errors.

In the instant action, only three of the proposed new claims bear closer scrutiny: Claims 13 and 20, concerning jury instructions; and Claim 17, ineffective assistance of appellate counsel.

In claim 13, petitioner alleges she was "denied her right to a fair trial by being afforded jury instructions that were detrimental to her, in which during deliberation, jurors were confused." (Petition to California Supreme Court, filed September 28, 2004, at 15.) Petitioner argues that during jury deliberation, jurors were confused about legal terms presented before them where juror requested laymen terms for specifics. (Id.) This claim, however, bears no relevance to CALJIC 8.40 or 17.41.1, the jury instructions at issue in the original petition. None of the questions the jury posed during jury deliberation related to instructions 8.40 or 17.41.1. (See RT 1127 (question about petitioner's testimony), 1128-33 (question about terminology in

/////

---

behalf of petitioner's attending physician and omitted testimony of Dr. Newman and Dr. Quillen); 18 (refused to call expert witness requested by petitioner); 19 (refused to call expert witness to testify to character traits and behaviors of an abuser); 25 (willful misrepresentation), 26 (allowing admission of graphic photos), 29 (failures to admit evidence and present testimony).

1  Cal. Penal Code 273); 1141-44 (court specifically refers to CALJIC 8.11); see also CT 585-90.)
2  Thus, new claim 13 does not relate back.
3         In claim 20, petitioner claims she was "denied her right to a fair trial by being
4  afforded jury instructions that were detrimental to her, which were to[o] limited to adequately
5  instruct the jury and in which her defense counsel failed to participate adequately in the
6  instruction selection process." (Id. at 22.) Petitioner argues that the jury received an instruction
7  on voluntary manslaughter requires an intent to kill, which infringed petitioner's Sixth and
8  Fourteenth Amendment right to a unanimous jury and to have the jury free to use its power of
9  nullification. (Id.) "Additionally, [petitioner's] defense counsel failed to participate fully in
10 selecting jury selections." (Id.)
11        A portion of claim 20 is the same as her first claim in the original petition.
12 However, petitioner's attempt to incorporate a general ineffective assistance of counsel claim
13 within this claim must fail. Petitioner alleges a general failure to participate in jury instruction
14 selection, but is not focused on a particular jury instruction given, requested or not included.
15 This is insufficient to relate this claim to the underlying jury instruction claim concerning
16 CALJIC 8.40 or 17.41.1. See Ciampi, 419 F.3d at 22, 24; Bond v. Rimmer, 2007 WL 2009810;
17 see also Frazier v. Farmon, 2007 WL 2019549.
18        Finally, in claim 17, petitioner includes a broad charge of ineffective assistance of
19 appellate counsel claiming appellate counsel failed to adequately research the record and identify
20 those issues that served to deprive petitioner of a fair trial. Here, appellate counsel did file an
21 appeal raising the jury instruction claims for CALJIC 8.40 and 17.41.1. Thus, new claim 17
22 necessarily omits any allegation with regard to those jury instructions for which appellate counsel
23 did press an appeal. Because claim 17 cannot encompass the claims raised in the original
24 petition, claim 17 is not of the same time and type as the original jury instruction claims and
25 therefore does not relate back.
26 /////

As noted above, the proposed new claims in the amended petition do not amplify or clarify any of the original claims, are based on different aspects of the criminal process, and involve different theories and analyses than those presented in the original petition. "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650.

Accordingly, the issues in the amended petition do not relate back to the initial petition. Because they were filed after the AEDPA statute of limitations had run, they are not properly before this court.

IT IS HEREBY ORDERED that the Clerk of the Court is directed to reassign the instant action to the undersigned as magistrate judge. The district judge assignment will remain the same.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to amend be denied; and

2. Upon the issuance of any order adopting the instant findings and recommendations, this matter will stand submitted on the original petition, filed January 2, 2003.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////
/////
/////
/////
/////

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  December 7, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; pete2713.mta